[No. 30712. Department Two. December 7, 1948.]

ALFRED D. BISHOP, *Appellant,* v. CLARENCE R. WILLIAMS
*et al., Respondents.*[1]

*Ralph Purvis,* for appellant.

*Merrill Wallace,* for respondents.

MILLARD, J.—Clarence R. Williams is the president of, and a large stockholder in, United Mining and Dredging Company, Inc. Plaintiff is the owner of 3,400 shares of the capital stock of the same corporation, which he had purchased at fifty cents a share from defendant. At a special meeting of the corporation, called for the purpose of considering the question of reducing the capitalization of the corporation, Bishop criticized the management of the corporation, whereupon Williams made the following statements: "Mr. Bishop is a poor sport—I will buy his shares back out of my own money." Bishop replied, "I will accept that offer."

Immediately following the conversation quoted above, Bishop went forward to the table where Williams was presiding over the meeting and placed his certificates for 3,400 shares of the capital stock of the corporation upon the table, or threw the certificates upon the table. Williams delivered the certificates to the secretary of the corporation to

[1]Reported in 200 P. (2d) 497.

be held subject to the order of Bishop. Nothing further transpired at the meeting.

Bishop addressed three letters to Williams, one dated October 23, 1947, one dated November 5, 1947, and one dated November 20, 1947, inquiring when Williams expected to pay the purchase price of the shares of capital stock. Williams replied that, at the meeting described above, a discussion was had with Bishop concerning the purchase of his shares of stock in the corporation, but at the time no price was fixed and there was no agreement as to the time of purchase. Williams further stated, "Your shares will be purchased at some future date at the price agreeable to both parties."

The secretary of the corporation returned the shares of stock to Bishop, April 9, 1948. Thereupon, plaintiff brought this action to recover, against the marital community composed of Clarence R. Williams and wife, the value of his shares at fifty cents each on the theory of a contract to purchase the shares of stock, delivery of the shares, and failure of defendants to pay therefor. Defendants answered, alleging that there was no agreement as to price, and the contract was invalid because it was not in writing as required by the statute of frauds. The trial court was of the view that, as there was no agreement as to price and no proof as to present market value, there was no contract. The trial court further found that there had been no acceptance of the shares by defendants, and that the letter written by defendants to plaintiff did not constitute a memorandum in writing sufficient to remove the bar of the statute of frauds. Judgment was entered dismissing the action. Plaintiff appealed.

There is no evidence that there was any agreement or conversation regarding the price per share to be paid by respondents to appellant. The only testimony, relative to price, is that of the par value of the stock being sold by the company officers for fifty cents a share, and one isolated instance where shares of stock had been sold by a private party for ten cents per share after some difficulty in locating a willing purchaser. As argued by counsel for re-

spondents, under the circumstances of the claimed offer and acceptance, matters of price and terms for delivery and payment were so indefinite that information as to them would have to have been supplied by additional arrangements between the parties.

The letter written by respondents to appellant, subsequent to the conversation related above, is confirmation of the fact that arrangements for the purchase and the price to be paid for the shares of stock would be later made, which negatives the claimed contract made between the parties. Respondents stated that appellant's shares would be purchased at some future date, at a price agreeable to both parties.

■ In an action for the specific performance of a contract to sell or purchase corporate stock, the alleged contract being based on an offer and an acceptance, there must be such an unqualified acceptance as will constitute a valid and binding contract between the parties. That is not the situation in the case at bar.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.